

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**11 CV 0725**

DERRICK PRICE, an individual, d/b/a DOC MOB RECORDS and IHIP HOP MUSIC, LLC, a District of Columbia Limited Liability Company,

Civil Action No.

Plaintiffs,

ATLANTIC RECORDING CORPORATION, a Delaware Corporation, SONGBOOK ENTERTAINMENT, INC., a Texas Corporation, DANIEL JOHNSON, a/k/a, KANE BEATZ, an individual, KANE BEATZ, INC., a Florida Corporation, TREMIANE ALDON NEVERSON a/k/a/ TREY SONGZ, an individual, MILTON JAMES, an individual, a/k/a/ DOVE, a/k/a TRACK DEALER, THE BUILDING PRODUCTIONS, INC., a corporation, G ROBERTSON d/b/a HIP HOP SINCE 1978, EASTMAN KODAK, a New Jersey Corporation, PARTNERS & NAPIER, INC., a Delaware Corporation and OGILVY & MATHER WORLDWIDE, a New York Corporation, BLACK ENTERTAINMENT TELEVISION, LLC, a District of Columbia Corporation,

**COMPLAINT**

**JURY TRIAL DEMANDED**



Defendants.

Plaintiffs Derrick Price d/b/a/ Doc Mob Records ("Doc") and IHip Hop Music, LLC ("IHip Hop"), a District of Columbia Limited Liability Company, by and through their attorneys Freundlich Law, for their complaint against Defendants ATLANTIC RECORDING CORPORATION, a California Corporation ("Atlantic Records"), SONGBOOK ENTERTAINMENT, INC., a Texas Corporation ("Songbook"), TREMAINE ALDON NEVERSON, a/k/a/ TREY SONGZ ("Songz"), DANIEL JOHNSON, a/k/a KANE BEATZ, an individual ("Beatz"), KANE BEATZ, INC., a Florida Corporation ("Kane Beatz Corp."), MILTON JAMES, an individual, a/k/a/ DOVE, a/k/a TRACK DEALER ("James"), THE BUILDING PRODUCTIONS, INC. ("BPI"), G ROBERTSON d/b/a HIP HOP SINCE 1978

("Robertson"), EASTMAN KODAK, a New Jersey Corporation ("Eastman"), PARTNERS & NAPIER, INC.., a Delaware Corporation ("PANI"), OGILVY & MATHER WORLDWIDE, a New York Corporation ("Ogilvy"), and BLACK ENTERTAINMENT TELEVISION, LLC ("BET"), a District of Columbia Corporation, allege as follows:

1. Plaintiffs' untitled sound recording was bodily appropriated and relabeled as the monster hit by Defendant Trey Songz, *Bottoms Up,* the hit lead single from Songz' 2010 album *Passion, Pain & Pleasure*, the recording featured in Defendant BET's Trey Songz special, remixes of the song, and the soundtrack to Defendant Kodak's widespread television and radio advertisements for its new digital cameras. Plaintiffs seek damages for these unlawful and unauthorized copyright infringements of its sound recording as well as, *inter alia*, an accounting for monies earned from the *Bottoms Up* musical composition from the unauthorized licensing of this song to which it is also entitled.

### Parties, Jurisdiction and Venue

2. Plaintiff Doc is an individual who resides in Washington, D.C. and does business under the trade name Doc Mob Records.

3. Plaintiff IHip Hop is a limited liability company existing and organized under the laws of the District of Columbia.

4. On information and belief, Defendant Atlantic Records is a corporation organized and existing under the laws of Delaware, with its principal place of business in New York, New York.

5. On information and belief, Defendant Songbook is a corporation organized and existing under the laws of Texas, with a principal place of business in New York, New York.

(Atlantic Records and Songbook, individually and collectively, are the "Atlantic Defendants")

6. On information and belief, Songz is an individual who resides in Atlanta, Georgia.

7. On information and belief, Beatz is an individual who resides in Atlanta, Georgia.

8. On information and belief, Defendant Kane Beatz Corp. is a corporation organized and existing under the laws of Florida, which does business on a regular basis in New York, New York.

9. On information and belief, Defendant Robertson is an individual who resides in New York and furnishes the production services of Beatz and Kane Beatz Corp. in the recording industry.

(Beatz, Kane Beatz Corp. and Robertson, individually and collectively, are the "Kane Beatz Defendants.")

10. On information and belief, Defendant James is an individual who resides in Atlanta, Georgia and does business under the names Dove and Track Dealer.

11. On information and belief, Defendant BPI is a corporation, organized and existing under the laws of an unknown state and owned and controlled by Michael Caren, purporting to furnish the services of James (as well as Beatz) as a producer in the music industry.

(James and BPI, individually and collectively, are the "James Defendants").

12. On information and belief, Defendant Eastman is a corporation organized and existing under the laws of New Jersey, doing business in New York, New York.

13. On information and belief, Defendant Ogilvy is a corporation organized and existing under the laws of Delaware, doing business in New York, New York.

14.     On information and belief, Defendant PANI is a corporation organized and existing under the laws of Delaware, doing business in New York, New York.

(Eastman, Ogilvy and PANI, individually and collectively, are the "Kodak Defendants").

15.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States and pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

16.     Venue properly lies in this Court pursuant to 28 U.S.C. §1391 (a) and (b) because a substantial part of the events that are the subject at matter of this lawsuit occurred and are occurring in this judicial district, where Atlantic Records maintains its principal place of business.

## Background Facts Common To All Claims

17.     On or about August 31, 2007, Doc, on the one hand, and James, on the other hand, entered into a written Exclusive Staff Producer Agreement pursuant to which, <u>inter alia,</u> James was required to furnish his exclusive services to James for the creation, recording, production and arrangement of songs and recordings (the "James/Doc Agreement"). A true and correct copy of the James/Doc Agreement is attached as Exhibit A.

18.     Under the James/Doc Agreement, each master delivered by James to Doc was in fact and was deemed to be a "work for hire" for Doc such that Doc owned the exclusive right, title and interest (including copyright) in any such master delivered under the James/Doc Agreement. In the event such master was determined not to be a work for hire, then James was deemed to have transferred all of his rights in such master to Doc together with his right, title, and interest therein.

4

19. Furthermore, under the James/Doc Agreement, James irrevocably and absolutely assigned, conveyed and set over to Doc's publishing designee, IHip Hop, "an undivided fifty percent (50%) of all the rights, title and interest in and to the worldwide copyrights (and all renewals and extensions thereof) and all other rights in the compositions written, composed and/or acquired, in whole or in part, during the term of the Agreement which included, without limitation, any songs recorded by James under the James/Doc Agreement". The James/Doc Agreement also provided that IHip Hop would be the exclusive administrator of all rights in any such compositions, including the fifty percent (50%) owned by James in any such composition and that James' participation in the process would be credited as follows: "Keyboards, Produced (or co-produced (as the case may be)) by *"Dove for Doc Mob"*."

20. On information and belief, in or about 2007, under the Agreement and while living in housing provided to James at no cost by Doc and using a recording studio owned by Doc and contained within that house, which was furnished with recording equipment owned by Doc, and under the direction and supervision of Doc's principal Derrick Price, James wrote a then-untitled song (the "Doc Composition") and recorded and produced a sound recording of the Doc Composition (the "Doc Master").

21. As he was required to do under the James/Doc Agreement, James delivered the Doc Composition and the Doc Master to Doc in the form of a digital compact disc recording. Doc assigned its rights in and to the Doc Composition to its publishing designee IHip Hop as the James/Doc Agreement permitted.

22. On December 2, 2010, Plaintiff obtained a copyright registration for the Doc Master, U.S. Copyright Office Registration No. SR 657-882. A copy of the Doc Master's registration is attached hereto as Exhibit B.

23. On December 2, 2010, Plaintiff IHip Hop obtained a copyright registration for the Doc Composition, U.S. Copyright Office Registration No. PA-709-014. A copy of the Doc Composition's registration is attached hereto as Exhibit C.

### James Absconds With The Doc Composition

24. On information and belief, in breach of, <u>inter alia</u>, Doc's exclusive administration rights in the Doc Composition provided in the James/Doc Agreement, James created a derivative work with several other songwriters consisting of adding rap lyrics and an opening phrase to the pre-existing Doc Composition. The resulting composition was called "Bottoms Up" (the "Unauthorized Bottoms Up Composition") and the writer's credited on the Infringing Bottoms Up Composition were Tremaine Neverson, Onika Maraj, Edrick Miles, and Defendants' Beatz and James (under the pseudonym "Tony Scales").

25. On information and belief, James, without the knowledge or consent of Doc wrongfully gave up a portion of the copyright in the Unauthorized Bottoms Up Composition and diluted IHip Hop's interest in the resulting composition to an amount far less than the interest IHip Hop would have had in an arms' length negotiation conducted for that purpose by Doc.

26. The publishers (owners) of the Unauthorized Bottoms Up Composition were listed as Warner-Tamerlane Pub Corp BMI, Songs of Universal, Inc., Truck Dealer publishing, EMI Music and Leron Rogers, Esq. Neither Doc nor IHip Hop were listed on the credits for the songwriters.

### James Absconds With the Doc Master and Creates The Infringing Trey Songz Recording

27. On information and belief, sometime in 2010, the Kane Beatz Defendants and the James Defendants conspired together to impermissibly combine a recording of the performances of Songz and Nicki Minaj together with the existing tracks comprising the Doc Master without

6

the knowledge or consent of the owner of said master - Plaintiff Doc. The resulting sound recording, which included the actual tracks comprising the Doc Master, was called "*Bottoms Up*" (the "Infringing Bottoms Up Master").

28. The Bottoms Up Master was, on information and belief, delivered to Defendant Songz for inclusion on an album he was recording for Defendant Atlantic Records called "*Passion, Pain & Pleasure*" (the "Songz Album"). In turn, on information and belief, as required by his contract with the Atlantic Parties, Defendant Songz delivered the Infringing Bottoms Up Master to the Atlantic Defendants.

29. On or about July 27, 2010, the Atlantic Defendants released the first single sound recording from the Songz Album - the Infringing Bottoms Up Master. The Atlantic Defendants claim to be the exclusive owners of the Infringing Bottoms Up Master and Defendant Beatz is listed as its sole producer.

30. The Infringing Bottoms Up Master has been a hugely successful single having reached No. 6 on the Billboard Hot 100 chart and has remained on that chart for more than five straight months. The success of the Infringing Bottoms Up Master also drove the sales of the Songz Album which album has climbed as high as the number 2 spot on Billboard's Top 200 Album Chart. On information and belief, the Infringing Bottoms Up Master (alone and with the Songz Album) has been sold nationwide as a physical record, a digital download, as ringtones and ring back tones, on the internet and otherwise, has been remixed, and has been in heavy rotation at radio stations throughout the United States.

**The Infringing Kodak Commercial**

31. In or about October 2010, the Kodak Defendants commenced the television broadcasting of commercials for its "So Kodak" advertisements, designed to be edgy

7

advertisements aimed at reaching a new, younger, trendier audience to buy Kodak's digital cameras, featuring the Infringing Bottoms Up Master and the Unauthorized Bottoms Up Composition (the "Infringing Commercials"). The Infringing Commercials are, on information and belief, part of a national, multi-media campaign, including internet presence, featuring the Infringing Bottoms Up Master.

32. Plaintiffs did not consent to the use of the Infringing Bottoms Up Master or the Unauthorized Bottoms Up Composition, in the Commercials.

### The Infringing BET Program

33. In or about October 2010, BET aired a biographical program about Defendant Songz which included a performance of the Infringing Bottoms Up Master and the Unauthorized Bottoms Up Composition (the "Infringing BET Program").

34. Plaintiffs did not consent to the use of the Infringing Bottoms Up Master or the Unauthorized Bottoms Up Composition, in the Infringing BET Program.

### First Claim For Relief

**(Copyright Infringement - on behalf of Plaintiff Doc against Defendants Atlantic Records, Songbook, Songz, Beatz, Kane Beatz Corp., James, Robertson and BPI)**

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34, inclusive, as if fully set forth herein.

36. The Infringing Bottoms Up Master infringes Plaintiff Doc's copyright to the Doc Master through its unauthorized bodily misappropriation thereof.

37. Plaintiffs did not authorize, license, or consent to the use of the Doc Master in the Infringing Bottoms Up Master, which constitutes an infringement of Plaintiff Doc's copyright.

38. On or about October 8, 2010, representatives of Plaintiffs notified Margo Scott, Esq. of Defendant Atlantic Records, in writing that the Infringing Bottoms Up Master infringed

8

on the Doc Master. Notwithstanding such notice, Atlantic and the other Defendants continued to exhibit, distribute, license and collect revenue from the Infringing Bottoms Up Master after October 8, 2010, with knowledge that they were infringing.

39. Defendants had access to the Doc Master and intentionally and knowingly infringed the copyright thereto.

40. As a result of the infringement by Defendants' Atlantic Records, Songbook, Songz, Beatz, Kane Beatz Corp., James, Robertson and BPI, Plaintiff Doc has suffered damages, in an amount not yet fully ascertained but believed to be in excess of $2,000,000, plus confiscation of these Defendants' profits derived from the infringement.

41. The infringement was willful and deliberate.

42. Plaintiff Doc is also entitled to an injunction against further infringement, pursuant to 17 U.S.C. §502.

## Second Claim For Relief

**(Copyright Infringement - on behalf of Plaintiff Doc against Defendants Eastman, PANI, Ogilvy, Atlantic Records, Songbook, Songz, Beatz, Kane Beatz Corp., James, Robertson and BPI)**

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42, inclusive, as if fully set forth herein.

44. The Commercial infringes Plaintiff Doc's copyright to the Doc Master through its unauthorized bodily misappropriation thereof.

45. Plaintiffs did not authorize, license, or consent to the use of the Doc Master in the Commercial, which constitutes an infringement of Plaintiff Doc's copyright.

46. Notwithstanding the fact that on or about October 8, 2010, representatives of Plaintiffs notified Margo Scott, Esq. of Defendant Atlantic Records, in writing, that the

Infringing Bottoms Up Master infringed on the Doc Master, on information and belief, all of the Defendants continued to exhibit, distribute, license and collect revenue from the Infringing Bottoms Up Master after October 8, 2010, with knowledge that they were infringing.

47. Defendants had access to the Doc Master and intentionally and knowingly infringed the copyright thereto.

48. As a result of the infringement by Defendants' Eastman, PANI, Ogilvy, Atlantic Records, Songbook, Songz, Beatz, Kane Beatz Corp., James, Robertson and BPI, Plaintiff Doc has suffered damages, in an amount not yet fully ascertained but believed to be in excess of $2,000,000, plus confiscation of these Defendants' profits derived from the infringement.

49. The infringement was willful and deliberate. Accordingly, in the alternative, Plaintiff Doc is entitled to statutory damages in the amount of $150,000 per infringement.

50. Plaintiff Doc is also entitled to an injunction against further infringement, pursuant to 17 U.S.C. §502.

## Third Claim For Relief

**(Copyright Infringement - on behalf of Plaintiff Doc against Defendants BET, Atlantic Records, Songbook, Songz, Beatz, Kane Beatz Corp., James, Robertson and BPI)**

51. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. The BET Program infringes Plaintiff Doc's copyright to the Doc Master through its unauthorized bodily misappropriation thereof.

53. Plaintiffs did not authorize, license, or consent to the use of the Doc Master in the BET Program, which constitutes an infringement of Plaintiff Doc's copyright.

54. Notwithstanding the fact that on or about October 8, 2010, representatives of Plaintiffs notified Margo Scott, Esq. of Defendant Atlantic Records, in writing, that the Infringing Bottoms Up Master infringed on the Doc Master, on information and belief, all of the Defendants continued to exhibit, distribute, license and collect revenue from the Infringing Bottoms Up Master after October 8, 2010, with knowledge that they were infringing.

55. Defendants had access to the Doc Master and intentionally and knowingly infringed the copyright thereto.

56. As a result of the infringement by Defendants' BET, Atlantic Records, Songbook, Songz, Beatz, Kane Beatz Corp., James, Robertson and BPI, Plaintiff Doc has suffered damages, in an amount not yet fully ascertained but believed to be in excess of $500,000, plus confiscation of these Defendants' profits derived from the infringement.

57. The infringement was willful and deliberate. Accordingly, in the alternative, Plaintiff Doc is entitled to statutory damages in the amount of $150,000 per infringement.

58. Plaintiff Doc is also entitled to an injunction against further infringement, pursuant to 17 U.S.C. §502.

### Fourth Claim For Relief

**(Declaratory and Injunctive Relief on behalf of Plaintiff Doc against all Defendants)**

59. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 58, inclusive, as if fully set forth herein.

60. Plaintiff Doc claims that it is the owner of all right, title and interest (including copyright) in the Doc Master. The Defendants have, individually and collectively claimed to own such rights independently of Plaintiff Doc.

61. A judicial declaration is necessary to determine the rights and obligations of the parties.

62. As a result, Plaintiff Doc seeks declaratory judgment that (a) it has the exclusive rights conferred upon a copyright owner under the Copyright Act to the Doc Master, including without limitation the exclusive right to manufacture, distribute sell, and exploit the Doc Master and to grant derivative work licenses therefore including the license required for Defendants to exploit the Infringing Bottoms Up Master, (b) none of the Defendants have any interest in and to the Doc Master nor the right to exploit the Infringing Bottoms Up Master without Plaintiff Doc's written approval, and (c) and that any further exploitation of the Infringing Bottoms Up Master constitutes willful copyright infringement. Plaintiff Doc further seeks injunctive relief requiring that the Defendants disgorge to Doc all monies collected by them within the last three years as purported copyright owners of the Bottom Up Master and other derivative works containing the Doc Master including, without limitation, the Commercial and the BET Program.

### Fifth Claim For Relief

**(Breach of Contract on behalf of Plaintiff Doc against Defendant James)**

63. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62, inclusive, as if fully set forth herein.

64. James breached the James/Doc Agreement by, *inter alia*, (i) purporting to license the Doc Composition on an exclusive basis to the Defendants for the Unauthorized Bottoms Up Composition and the Commercial and, upon information and belief, other uses, without Doc's authority to do so, (ii) wasting the value of the Doc Composition by agreeing to dilute his and Doc's interest in the resulting Unauthorized Bottoms Up Composition by more than was warranted given the content of the Unauthorized Bottoms Up Composition, (iii) failing to

account to Doc for its Fifty percent (50%) share of the revenues James has received earned and received from the exploitation of the Doc Composition and the Unauthorized Bottoms Up Composition, (iv) failing to assure that Doc would be properly credited for all uses of the Doc Composition, and (v) failing to acknowledge and abide by IHip Hop's exclusive administration rights in the Doc Composition.

65. Plaintiff has performed all of its obligations under the Agreement except to the extent they were prevented from doing so by one or more of the Defendants.

66. Plaintiff Doc has suffered damages directly as a result of the breaches in an amount to be proved at trial that, on information and belief, exceeds $1 million.

### Sixth Claim For Relief

**(Intentional Interference With Contract on behalf of Plaintiff Doc against TBP)**

67. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 66, inclusive, as if fully set forth herein.

68. At all times material hereto, there existed a contractual relationship between Doc and James in the form of the James/Doc Agreement pursuant to which James furnished his exclusive producing services to Doc.

69. At all times material hereto, Defendant TBP knew of the James/Doc Agreement and that it was extant and in effect when TBP purported to sign James to an "exclusive" producer's deal.

70. Plaintiff is informed and believes and thereon alleges that, with utter disregard for Doc's rights under the James/Doc Agreement, TBP coordinated and executed a malicious plan to sign James and then to furnish James' services as a producer of the Infringing Bottoms Up

Master in contravention to Doc's rights including without limitation its copyright in the Doc Master even when James was under an exclusive contract with Doc.

71. By reason of the foregoing, and as a direct and proximate result thereof, Plaintiff has been damaged in an amount to be proved at trial but believed to exceed Two Million Dollars ($2,000,000.00).

72. The aforementioned conduct of TBP was fraudulent, oppressive, and malicious and constituted a willful attack on Doc's rights and therefore, Plaintiff is entitled, in addition to compensatory damages, to punitive damages, in an amount sufficient to punish TBP and to deter others from engaging in similar misconduct in the amount of Ten Million Dollars ($10,000,000).

## Seventh Claim For Relief

**(Declaratory and Injunctive Relief on behalf of Plaintiff IHip Hop against all Defendants)**

73. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 66, inclusive, as if fully set forth herein.

74. Plaintiff Doc's assignee Plaintiff IHip Hop is a co-owner of the copyright in the copyright of the Doc Composition and therefore a co-owner of whatever interest James has in Unauthorized Bottoms Up Composition.

75. Under the Copyright Act, one co-owner is not permitted to grant exclusive rights to a licensee but may only grant a non-exclusive license subject to a duty to account to his co-owner for co-owner's interest. Accordingly none of the Defendants who have licensed the Doc Composition from the James Defendants have any exclusive interests therein.

76. On information and belief, all of Defendants wrongfully claim an exclusive interest in either the Doc Composition itself or claim that they are exclusive licensees on some basis of all rights in the Doc Composition, which Doc and IHip Hop dispute and deny.

77. A judicial declaration is necessary to determine the rights and obligations of the parties.

78. As a result, Plaintiff IHip Hop seeks declaratory judgment that (a) it is a co-owner of the copy in the Doc Mob Composition; and (b) none of the Defendants have any exclusive rights in the Doc Composition but rather a non-exclusive right to exploit the Doc Composition according to their licenses from the James Defendants.

### Eighth Claim For Relief

#### (By Plaintiff IHip Hop For an Accounting against Defendant James)

79. Plaintiff repeats and realleges the allegations of paragraphs 1 through 66 and 73 through 78 as if fully set forth herein.

80. By virtue of the co-publishing relationship that exists between Plaintiff I Hip Hop and James, James has a duty to account to IHip Hop for one-half of all revenues that James receives on account of any non-exclusive licensing of the music publishing rights in *inter alia*, the Doc Composition, to third parties.

81. On information and belief, James has entered into several licenses for the Doc Composition including the licenses that resulted in the Unauthorized Bottoms Up Composition.

82. Accordingly, Plaintiff IHip Hop is entitled to an accounting for its one-half share of all monies received by James for any such licenses of the Doc Composition.

## Ninth Claim For Relief

### (By Plaintiff IHip Hop For Waste against Defendant James)

83. Plaintiff repeats and realleges the allegations of paragraphs 1 through 66 and 73 through 82 as though fully set forth herein.

84. By virtue of the relationship between IHip Hop and James as co-publishers of the asset which is the Doc Composition, Defendant James owes to I Hip Hop the duty not to waste the Doc Composition by (i) entering into agreements and licenses that are below market value, and/or (ii) permitting derivative works to be made from the Doc Composition and then agreeing to a share of the resulting composition that is less than what the true market value is.

85. Upon information and belief, James made an agreement with one or more of the Defendants, and others that diminished his share of the Unauthorized Bottoms Up Composition to an amount less than the true market value thereof.

86. Upon information and belief, James has licensed the Doc Composition at below market value thereby diminishing the value of I Hop Hop's share in the income for such licenses.

87. By virtue of James' waste of the Doc Composition, I Hop Hip has been damaged in an amount to be proved at trial but believed to exceed Five Hundred Thousand Dollars ($500,000.00).

WHEREFORE, Plaintiffs pray for relief as follows:

1. On the first cause of action, for compensatory damages in an amount not yet fully ascertained but believed to exceed Two Million Dollars ($2,000,000.00), plus interest thereon at the maximum legal rate, and for an injunction prohibiting further copying, exhibition, broadcast, distribution, publication or performance of the Infringing Bottoms Up Master;

2. On the second cause of action, for compensatory damages in an amount not yet fully ascertained but believed to exceed Two Million Dollars ($2,000,000.00), plus interest thereon at the maximum legal rate, and for an injunction prohibiting further copying, exhibition, broadcast, distribution, publication or performance of the Commercial;

3. On the third cause of action, for compensatory damages in an amount not yet fully ascertained but believed to exceed Five Hundred Thousand Dollars ($500,000.00), plus interest thereon at the maximum legal rate, and for an injunction prohibiting further copying, exhibition, broadcast, distribution, publication or performance of the BET Program;

4. On the fourth cause of action, for a judicial declaration (a) that Plaintiff Doc, and not any of the Defendants, own all the exclusive rights conferred upon a copyright owner under the Copyright Act to the Doc Master, including without limitation the exclusive right to manufacture, distribute sell, and exploit the Doc Master and to grant derivative work licenses therefore including the license required for Defendants to exploit the Infringing Bottoms Up Master, (b) that any further exploitation of the Infringing Bottoms Up Maser constitutes willful copyright infringement, and (c) an injunction

17

requiring that the Defendants disgorge to Doc all monies collected by them within the last three years as purported copyright owners of the Bottom Up Master and other derivative works containing the Doc Master including, without limitation, the Commercial and the BET Program;

5. On the fifth cause of action, for damages to be determined at trial; but believed to be in excess of One Million Dollars ($1,000,000.00).

6. On the sixth cause of action, for (i) compensatory damages in an amount not yet fully ascertained but believed to be in excess of Two Million Dollars ($2,000,000.00), or according to proof at trial, plus interest thereon at the legal rate; and (ii) punitive damages, in an amount not yet fully ascertained but believed to be in excess of Ten Million Dollars ($10,000,000), or according to proof at trial, plus interest thereon at the legal rate;

7. On the seventh cause of action, for a judicial declaration that: (a) it is a co-owner of the copyright in the Doc Mob Master; and (b) none of the Defendants have any exclusive rights in the Doc Composition but rather a non-exclusive right to exploit the Doc Composition according to their licenses from the James Defendants;

8. On the eighth cause of action, for an accounting for one-half of all revenues received by James from the exploitation and licensing of the Doc Composition;

9. On the ninth cause of action, for damages to be determined at trial; but believed to be in excess of Five Hundred Thousand Dollars ($500,000.00);

10. On all claims, for costs and reasonable attorneys fees; and

11. Such other and further relief as the Court deems just and proper.

Dated: Encino, California
January 31, 2011

> FREUNDLICH LAW
> 16133 Ventura Blvd. Ste. 1270
> Encino, CA 91436
> (818) 377-3790
> and c/o Beigelman Feiner & Feldman PC
> 100 Wall Street, 23rd Floor
> New York, New York 10005
>
> By: _____
> KENNETH D. FREUNDLICH, ESQ.
> 16133 Ventura Blvd. Ste. 1270
> Encino, California 91436
> (818) 377-3790
>
>
> *Law Offices of Ronald M. Lebow*
> **Ronald M. Lebow, Esq.**
> 12400 Wilshire Blvd. Suite 400
> Los Angeles, California 90025-1023
> *Pro Hac Vice Application To be Filed*
>
> *Attorneys for Plaintiffs*

19

## DEMAND FOR JURY

Plaintiffs hereby demand a trial by jury.

Dated: Encino, California
January 31, 2011

>                FREUNDLICH LAW
>                16133 Ventura Blvd. Ste. 1270
>                Encino, CA 91436
>                (818) 377-3790
>                and c/o Beigelman Feiner & Feldman PC
>                100 Wall Street, 23rd Floor
>                New York, New York 10005
>
>                By: _____
>                KENNETH D. FREUNDLICH, ESQ.
>                16133 Ventura Blvd. Ste. 1270
>                Encino, California 91436
>                (818) 377-3790
>
>
>                *Law Offices of Ronald M. Lebow*
>                **Ronald M. Lebow, Esq.**
>                12400 Wilshire Blvd. Suite 400
>                Los Angeles, California 90025-1023
>                *Pro Hac Vice Application To be Filed*
>
>                *Attorneys for Plaintiffs*