```
    1ad7derc
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
3   DERRICK PRICE, et al.,
4                Plaintiffs,
5           v.                             11 Civ. 725
6   ATLANTIC RECORDING CORPORATION,
    et al.,
7                Defendants.
8   ------------------------------x
9                                          October 13, 2011
                                           10:15 a.m.
10
    Before:
11
                    HON. GEORGE B. DANIELS
12
                                           District Judge
13
                         APPEARANCES
14
    LAW OFFICES OF NOAH SHUBE
15       Attorneys for Plaintiffs
    BY:  NOAH SHUBE
16
    MACHT SHAPRIO ARATO & ISSERLES LLP
17       Attorneys for Defendants Atlantic, et al.
    BY:  CYNTHIA ARATO
18       JAMES DARROW

19  ROBINS KAPLAN MILLER & CIRESI LLP
         Attorneys for Defendants Daniel Johnson, et al.
20  BY:  DAVID LEICHTMAN

21  MARKOWITZ & CHATTORAJ LLP
         Attorneys for Defendant BET
22  BY:  ALON MARKOWITZ

23  ARENT FOX LLP
         Attorneys for Defendant Milton James
24  BY:  ERIC ROMAN

25
```

      SOUTHERN DISTRICT REPORTERS, P.C.            (212) 805-0300

1            (Case called)

2            (In open court)

3            THE COURT:  Good morning.  Let me start with

4   plaintiff.  Mr. Shube, what's the status?

5            MR. SHUBE:  Your Honor, I'm happy to report since we

6   substituted in as plaintiff's counsel three weeks ago we

7   believe there has been substantive movement forward in

8   discovery inclusive of agreement on a protective order,

9   agreement on the commencement of document production

10  immediately by plaintiffs and then by all counsel in about a 14

11  day period.

12           We have resolved virtually all extant discovery

13  disputes amongst ourselves, and in that connection I say that

14  we also seek leave to jointly seek amending the case management

15  order modestly jointly, your Honor, to accommodate two

16  purposes.  One is I don't want to characterize what happened

17  before we entered the case, but there is a lot of work to get

18  done now and we are doing it promptly, SO we are seeking to

19  adjust the dates essentially each date 45 additional days to

20  accommodate the delay in discovery, the document production,

21  the necessary depositions and the countervailing issues of

22  dispositive motion practice.  So, in that regard we have a

23  proposed draft order here.

24           We are also seeking the extension of time in

25  connection with guidance from the court concerning a directed

1    mediation of this matter in front of a magistrate.  And there
2    are a couple of hanging chads associated with whether all, some
3    or none of the individual plaintiffs need appear.  Mindful
4    that's distinctly the province of the mediator.  I'm sanguine
5    that we will be able to resolve that, and I will let counsel
6    for defendants, particularly Atlantic, discuss that further.
7            In any event, a lot is being done.  Most of the
8    document discovery will be completed in the next two weeks.  We
9    resolved our discovery disputes.  We have an amended CMO for
10   your Honor's review, and a protective order in aid of getting
11   everything done, and we seek your guidance in connection with a
12   proposed mediation.
13           THE COURT:  What is the schedule that you have for
14   close of discovery?
15           MR. SHUBE:  I have a copy of it here, your Honor.
16   Again, the only way to characterize it is we have shifted every
17   date by 45 days, two months only with regard to trial.  But
18   with regard to the document production and other issues,
19   essentially 45 days.  I have a copy for your Honor.
20           THE COURT:  What I propose is that I will extend those
21   dates.  I propose that I refer you to magistrate Judge Fox for
22   settlement discussions, and I will let magistrate Judge Fox
23   determine what manner he wants to conduct it and who should be
24   present.  And you can participate to the extent, and when you
25   think it's appropriate discuss it with him, but maybe he can

1ad7derc

1  bring you in early on and you can have the possibility of a
2  settlement before extended discovery.
3            What I propose is that I think the next conference is
4  proposed for January 20?
5            MR. SHUBE:  Yes, your Honor.
6            THE COURT:  OK.  I think I can leave that date on.  I
7  will so order the schedule.  And if you go forward with
8  discovery and are not able to settle and you know that there
9  are going to be motions -- I don't know whether or not it would
10 be appropriate for motions before the close of expert
11 discovery, but if you think that it is, then give me a letter
12 before that time, before January 20, and we will put that date
13 off until after motions are fully submitted to consider whether
14 or not we should hold off on expert discovery.  But otherwise
15 you can let me know where you are on January 20.
16           What's the defense's position?  Any different than
17 what has been stated?
18           MS. ARATO:  Good morning, your Honor.  I think I can
19 speak on behalf of all defendants.  I'd say I'm not a hundred
20 percent positive we resolved all of the open discovery
21 disputes, but there is nothing that I think needs the court's
22 intervention at this moment.
23           With respect to the two open issues on the settlement
24 conference, one, there is some complicated copyright issues
25 involved in this case and damage allocation and apportionment,

1    and we all felt it might be more productive if we could jointly
2    select a magistrate for settlement purposes who we know has
3    mediated over copyright matters, so we wanted to know if it was
4    possible if we could jointly agree to refer the case to a
5    magistrate that was selected by the parties.
6             THE COURT:  The answer to that is probably no.  That's
7    exactly the judge shopping that we try to avoid.  Basically all
8    of our magistrate judges have experience in copyright cases,
9    and I am confident Judge Fox has the appropriate experience in
10   that area to be helpful to you, and he is the magistrate judge
11   designated for the case.  Even to designate another magistrate
12   judge, we need the permission of the chief judge and the chief
13   magistrate judge in an unusual circumstance, so that's probably
14   not going to be likely.
15            MS. ARATO:  Then with respect to the appearance issue,
16   I think I just need to explain that issue for the record,
17   because the --
18            THE COURT:  You don't have to explain it to me in
19   detail because I haven't much interest in it.  Magistrate Judge
20   Fox, that's an issue you should discuss with him if he decides
21   to bring you in.  He may simply say I want to see all the
22   lawyers and I don't want to see the clients.  He may say I want
23   to see the lawyers before the clients.  He may say I want to
24   see the clients, and then you can explain to him there is some
25   difference.

1          MS. ARATO:  I think the problem that raises for us is
2     we only consented to request the referral for a settlement
3     conference if we can work out this issue.  And if we can't work
4     out the issue, my clients are going to be prejudiced if we are
5     all subject to an order absolutely referring us to the
6     conference at this point in time.
7          THE COURT:  It's unclear to me how you will be
8     prejudiced.
9          MS. ARATO:  Because I have a particular issue with
10    respect to the personal attendance of only one individual
11    defendant who is not needed for really getting effective
12    resolution.  And we haven't worked that issue out yet.
13         THE COURT:  Well, that sounds like an inconvenience
14    but it doesn't sound like prejudice.
15         MS. ARATO:  Well, it's prejudice in the sense that I
16    I'm not prepared to be part of the group that's asking for the
17    referral if I know I can't work out the issue.
18         THE COURT:  I understand.
19         MS. ARATO:  And if with respect --
20         THE COURT:  That's a choice you make.  I don't think
21    that prejudices you in any way.  If you decide you don't want
22    to participate, that's your choice.
23         MS. ARATO:  I am just concerned I am going to be
24    subject to a court order where I don't have a choice.
25         THE COURT:  Well, I won't subject you to such a court

1  order.  You discuss that with magistrate Judge Fox.  I don't
2  even know if this is going to be an issue.  If you have full
3  authority and you can get on the phone in five minutes and get
4  authorization and sign on the dotted line, then that's fine.
5  Obviously the most important thing is that you will need to be
6  there with authority to move forward without saying, Judge, we
7  need to adjourn because I have to have a meeting in a month
8  with my client to discuss this with my client fully.
9         So, I would say minimally you should have your client
10 try to arrange it on a date which your client is available by
11 phone so you can discuss it with him if you have a deal that
12 may fall apart if you don't go ahead and everybody else is
13 ready to move forward.  But that's strategy.  You can do it
14 anyway you want to do it.  If you don't want to participate,
15 then tell the magistrate judge you don't want to participate.
16         But, as I say, I'm going to let the magistrate judge
17 decide how to do this, and this is to facilitate to help you.
18 I'm not trying to force you into a settlement.
19         MS. ARATO:  We very much want to pursue this process.
20 We have ten served defendants.  The main defendants will appear
21 and there is no issue there.  We have one issue with Trey Song
22 who is the actual recording artist.  Everyone agrees his
23 conduct is not at issue in this case on any level.
24         THE COURT:  Well, again, you know, what you say sounds
25 reasonable, and magistrate Judge Fox is reasonable.  So, if

1    it's clear that that's not necessary, I'm sure magistrate Judge
2    Fox will agree with you, and the other side, unless they have
3    some compelling reason other than they want to forcibly
4    inconvenience your client to make him be there present, they
5    would have to articulate some other reason why if you are ready
6    to settle the case and give them the money they want then why
7    your client has to be present.
8              So, talk it out with magistrate Judge Fox, and if he
9    says to you, no, I'm going to force you to do X, then you can
10   come back to me, and I will either discuss it with him, or I
11   will overrule him, depending on what you can describe as being
12   reasonable.
13             As I said, you have two choices:  You can work it out
14   or fight it out.  This is your opportunity to work it out.  If
15   you don't want to participate or, you know, if you want to
16   proceed in a different manner, then my guess is that knowing
17   magistrate Judge Fox he is going to say I don't want to force
18   anybody to sit here and try to settle if you don't want to be
19   here and you are not in a posture you are willing to compromise
20   or at least move forward in a participatory matter at the
21   conference.
22             So, you know, I mean I don't see that that's going to
23   be a killer for settlement, particularly given all the parties.
24             MS. ARATO:  Thank you.  That's all I was looking for.
25   I didn't want to be in a position where my hands were tied and

1    suddenly I couldn't have my position be indicated or I was
2    somehow subject to an order referring me and therefore had to
3    follow any rule that was set.
4             THE COURT:  As I say, I can't guarantee everything.  I
5    don't know what Judge Fox's position is.  But I will make a
6    referral right away.  You can discuss that issue with each
7    other, see if you can come to agreement.  If you can't, then
8    either you come to an agreement with magistrate Judge Fox or
9    you make the decision that you are not going to participate if
10   you can't do it in a reasonable manner without significant
11   inconvenience unnecessarily to any party or even any of the
12   lawyers.
13            MS. ARATO:  Then we have a protective order that all
14   the parties have signed.
15            THE COURT:  Is it fully executed?
16            MS. ARATO:  It is fully executed.
17            THE COURT:  If you have the copy now, I will sign it.
18            MS. ARATO:  Great.
19            THE COURT:  And I am signing the case management plan.
20            MR. LEICHTMAN:  Your Honor, this is our only copy
21   because some of the parties just signed it this morning.
22            THE COURT:  What I will do is so order it, and I will
23   hand it back to you, and you can file both the confidentiality
24   agreement and the case management plan.  I'm putting my
25   signature on it, and they should accept it for filing since my

1  signature is on it.  So, I will give that both back to you and
2  that should move that forward.
3             Anything else we need to address?
4             MR. LEICHTMAN:  I have one question about something
5  you said before in advance of the January 20 conference.  Our
6  clients do have a dispositive motion.  We think we need a
7  little bit of fact discovery before we can file it, but we
8  don't think expert discovery will dependent on it.
9             In the case management order dispositive motions
10 aren't due until May, so I wasn't quite sure what you were
11 saying.  Are you saying --
12            THE COURT:  What I was saying is that if you think you
13 are in a position to file a motion that's not premature and you
14 think that it would be dispositive short of expert discovery,
15 that I don't tend to put you to the expense of doing expert
16 discovery.  But make sure the motion is not premature.  I mean
17 if it's a summary judgment motion, then make sure their
18 response can't be, Judge, we haven't even taken his deposition,
19 and so I just deny the motion out of hand without even
20 considering it because it's not appropriate.
21            But if you think that you have fully exhausted
22 discovery -- unless it's -- I mean if you have a motion that
23 goes to the pleadings, that's a different question, but if it
24 goes beyond the pleadings, you know, I'm going to assume that
25 the nature of your motion will mean that you are complete with

1   the discovery that you want to do other than the expert
2   discovery and the expert discovery is irrelevant to the
3   determination of your motion.
4          So, if you do have such a motion, let the others know,
5   and then agree upon a motion schedule, and I will take the
6   motion within that schedule.  And if you fully submit it before
7   the next date, you know, maybe I will hear you on it on the
8   next date if you want to be heard on the motion.  But you
9   should make your own decision as to whether or not that makes
10  sense.
11         MR. LEICHTMAN:  OK.  So that's what I was confused
12  about.  You are not expecting that necessarily to be fully
13  briefed before we come here on the 20th.
14         THE COURT:  No, not at all.  And if everyone agrees
15  that you are finished with fact discovery and short of expert
16  discovery that dispositive motions are appropriate, then just
17  agree upon a motion schedule, and we can put that date off
18  until after the motions are fully submitted, and then we can
19  resolve all the motions before we go to the next step.  I will
20  give you that flexibility, but otherwise I would anticipate
21  that otherwise if you decide that motions are not -- or one or
22  more of you decide that motions are not appropriate until after
23  the close of expert discovery, then I will expect to move along
24  the schedule proposed.
25         Anything further?

1      MR. SHUBE:  No.

2      THE COURT:  Then why don't you move forward.  I will
3 wait until I hear you.  I will make a referral to magistrate
4 Judge Fox.  Obviously if you are making progress in settlement
5 discussions, I will be flexible with regard to the schedule,
6 because I would rather see you not spending time, effort and
7 expense if you can settle early.

8      Otherwise, you know, magistrate Judge Fox is fairly
9 flexible on these issues, so use him when you think it's
10 appropriate.  And he should reach out to you probably in the
11 week or two.  If you don't hear from him within two weeks, I
12 would directly contact his chambers.

13     MR. SHUBE:  Yes, your Honor.

14                          - - -